980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
and
Fritz Ott; Bill R. Frisbie, Claimants-Appellants,
v.
NATIONAL REAL ESTATE FUND; et al., Defendants-Appellees.
 No. 86-1645.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fritz Ott and Bill R. Frisbie appeal pro se the district court's order (1) granting defendants' motion for summary judgment, and (2) permanently enjoining Ott and Frisbie from filing any future actions against defendants. We dismiss in part and affirm in part.
 
 
 3
 * It is well settled that "[a] case becomes moot when a court cannot grant effective relief, ... and where it is unlikely that the precise conditions of the case could ever recur." Burlington N.R.R. v. Crow Tribal Council, 940 F.2d 1239, 1244 (9th Cir.1991) (citation omitted). "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir.1986); see also United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir.1987) ("[a] case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries").
 
 
 4
 On November 24, 1984, Ott and Frisbie filed a claim against National Real Estate Fund's ("NREF") receivership estate pursuant to a claims resolution procedure established by the district court. NREF and its managing trustee ("defendants") moved for summary judgment, alleging the claim was barred by, among other things, res judicata, collateral estoppel, the statute of limitations, and absolute judicial immunity. Defendants also requested the court to enjoin Ott and Frisbie from filing any more claims against NREF or the trustee. A hearing was held and, on November 20, 1985, the district court granted both the motion for summary judgment and the request for injunction.
 
 
 5
 On April 29, 1991, while this appeal was pending, the district court entered an order directing the trustee to dissolve NREF and discharging the trustee from all of his duties except those "necessary to complete the dissolution, the winding-up of [NREF's] ... affairs and the final distribution to shareholders." No party to the action below sought a stay of or appealed from that order.
 
 
 6
 The dissolution of NREF, payment of all of NREF's remaining funds to NREF's shareholders in a liquidating distribution, and discharge of the trustee are events that, in our view, render us incapable of granting effective relief to Ott and Frisbie. Even if we reversed the district court's summary judgment, there does not appear to be a reasonable way to undo these actions and their attendant consequences. See Alder Creek Water Co., 823 F.2d at 345 (dismissing appeal challenging validity of receivership because appellants failed to obtain stay, numerous changes had occurred since receivership was imposed, and consequences of changes could not be undone in reasonable manner). We therefore dismiss the appeal from the district court's summary judgment as moot. See Garcia, 805 F.2d at 1402.
 
 II
 
 7
 A district court "may issue blanket stays against litigation in other courts by parties to the securities fraud action." SEC v. Wencke, 622 F.2d 1363, 1369 (9th Cir.1980). "The power of the district court to issue a stay, effective against all persons, of all proceedings against the receivership entities rests as much on its control over the property placed in receivership as on its jurisdiction over the parties to the securities fraud action." Id. We review a district court's order imposing such a stay for an abuse of discretion. Id. at 1373.
 
 
 8
 In Wencke, this court considered the various reasons that could justify imposition of a stay of proceedings by the district court. One reason was that "the expense involved in defending the many lawsuits which often are filed against an entity in the wake of a securities fraud scheme may be overwhelming unless some are temporarily deferred." Id.
 
 
 9
 Here, it appears Ott and Frisbie filed at least seven actions against NREF and the trustee in both state and federal court. Most of these actions were based, either wholly or in part, on allegations of a conspiracy to suppress evidence. All of these actions ultimately were resolved against Ott and Frisbie. Under these circumstances, the district court did not abuse its discretion by enjoining Ott and Frisbie from filing additional actions against NREF and the trustee. See id. We therefore affirm the district court's order granting injunctive relief.
 
 DISMISSED IN PART and AFFIRMED IN PART.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not reach the claims of prosecutorial and judicial misconduct Ott and Frisbie raise in their reply brief